## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANNIE R. SWAYNE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. C2-09-CV-0341** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **CAPITOL INDEMNITY CORPORATION,** | : | |
| | : | **Magistrate Judge Abel** |
| **Defendant.** | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff Annie R. Swayne's (**"Mrs. Swayne"**) Motion for Summary Judgment (Dkt. 12). Mrs. Swayne moves for summary judgment on her claim for a declaratory judgment and order related to a mortgage broker's bond, issued by Defendant Capitol Indemnity Corporation ("Capitol"), related to an Ohio state court judgment in Mrs. Swayne's favor. Capitol opposes Mrs. Swayne's Motion for Summary Judgment**.** For the reasons stated below, Mrs. Swayne's Motion for Summary Judgment is **GRANTED**.

### II. BACKGROUND

Mrs. Swayne is an eighty-year-old widow. The home in which she currently resides belonged to her late-husband, and was left to her upon his death. Mrs. Swayne's home required extensive repairs, and as she did not have the funds to repair the home on her own, she contacted Beebles Investments, Inc. ("Beebles") for a loan. As required by the Ohio Mortgage Brokers Act, Beebles had secured a bond in the amount of $60,000 from Capitol Indemnity Corporation.

The purpose of this bond was to pay for violations of the Ohio Mortgage Broker Act R.C. § 1322.01, *et seq.* The loan that Mrs. Swayne received was a balloon loan, the terms of which allowed Mrs. Swayne not to make any payments on the loan for a year, but then obligated her to pay $25,612.11 in one lump sum payment at the end of the term of the loan. Once the predatory nature of the terms of the loan became clear, Mrs. Swayne brought an action, to which Capitol was not a party, against Beebles in the Franklin County Court of Common Pleas.

On November 6, 2007, the state court granted summary judgment in favor of Mrs. Swayne on her unconscionability, fraud, and Ohio Mortgage Broker Act causes of action.  On March 16, 2007, a damages hearing was held before a magistrate judge, and on June 8, 2007, the magistrate filed a decision on damages.  That decision was adopted by the trial court on June 27, 2007.  The state trial court's final judgment entry was filed on September 17, 2007.  Beebles appealed the action, and on April 17, 2008, the Court of Appeals affirmed the trial court's summary judgment order and decision on damages.  As part of the decision on damages, the trial court found that Mrs. Swayne was entitled to a total of $65,070.65 under the Ohio Mortgage Brokers Act, composed of the following: 1) compensatory damages in the amount of $2,125; 2) reasonable attorney's fees in the amount of $52,532.50; 3) court costs in the amount of $4,038.15; and 4) punitive damages in the amount of $6,375.

On November 8, 2007, two days after the decision on summary judgment, Mrs. Swayne's attorney sent a letter to the Ohio Department of Commerce informing them about the decision and requesting assistance in recovering the bond from Capitol.  On July 12, 2007, the Ohio Department of Commerce sent a letter to Capitol, notifying it of Mrs. Swayne's claim and its obligation to pay the bond money to Mrs. Swayne.  Capitol responded with a letter to Mrs.

Swayne's attorney on July 20, 2007, acknowledging the bond and informing her that Capitol was in the process of establishing a claim file and collecting the underwriting information in relation to the bond issued to Beebles. Capitol also included a Proof of Loss form with the July 20, 2007 letter, which Mrs. Swayne's attorney executed and filed with Capitol on August 2, 2007. The Proof of Loss form explained that receiving the bond payment in a timely fashion was of the essence because Mrs. Swayne was behind on her rent and might face eviction proceedings. In February of 2009, Capitol issued a $15,000 check to Mrs. Swayne, to compensate her for $12,825 of attorneys' fees and the $2,125 in compensatory damages. This amount is the total that Capitol believes is due and owing to Mrs. Swayne from the mortgage broker bond Capitol issued to Beebles. On September 4, 2008, Mrs. Swayne filed an action to garnish the bond in state court, believing that she is entitled to the entire $60,000 value of the bond because of the state courts finding of $65,070.65 in damages under the Ohio Mortgage Brokers Act. The Court held that the garnishment was the incorrect vehicle for collection of the bond.

Mrs. Swayne then filed this Complaint and Motion for Declaratory Judgment against Capitol in the Franklin County Court of Common Pleas, which was removed to this Court on May 4, 2009 by Capitol. On December 12, 2009, Mrs. Swayne filed a Motion for Summary Judgment. The Court heard oral argument on the Mrs. Swayne's Motion for Summary Judgment on June 28, 2010.

### III. STANDARD OF REVIEW

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for

the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In

considering a motion for summary judgment, a court must construe the evidence in the light

most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986).  The movant therefore has the burden of establishing that there is no

genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart*

*v. Pickrel*, *Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993).  The central inquiry

is "whether the evidence presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at

251-52.  But the non-moving party "may not rest merely on allegations or denials in its own

pleading." Fed. R. Civ. P. 56(e)(2); *see Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38

F.3d 282, 286 (6th Cir. 1994). The non-moving party must present "significant probative

evidence" to show that there is more than "some metaphysical doubt as to the material facts."

*Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).  When ruling on a motion for

summary judgment, a district court is not required to sift through the entire record to drum up

facts that might support the nonmoving party's claim.  *InterRoyal Corp. v. Sponseller*, 889 F.2d

108, 111 (6th Cir. 1989).  Instead, the Court may rely on the evidence called to its attention by

the parties.  *Id*.

## IV. LAW AND ANALYSIS

### A. Res Judicata

The central issue in this case is whether Capitol, who was not a party in the original

action brought by Mrs. Swayne against Beebles,  is bound by the state court's decision and

finding of damages under the Ohio Mortgage Brokers Act.  Mrs. Swayne argues that the doctrine

-4-

of *res judicata* should apply in this case, and Capitol contends that because it was not a party in the state court action, *res judicata* does not apply and therefore summary judgment is not appropriate.

Under Ohio law, res judicata includes two concepts: 1) claim preclusion, or estoppel by judgment; and 2) issue preclusion, or collateral estoppel.  *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St. 3d 526, 530 (2009).  The two concepts are defined as follows:

> Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. The previous action is conclusive for all claims that were or that could have been litigated in the first action.
> Issue preclusion, or collateral estoppel, precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action.

*Id.* (internal citations omitted).

Capitol is correct that in order for res judicata to apply, Ohio law normally requires a mutuality of parties.  *Id.* at 531; *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St. 3d 193, 196 (1983); *Schimke v. Earley*, 173 Ohio St. 521, 522 (1962).

There are, however, exceptions to this rule, including an exception "for those persons in privity with a party to the first action."  *Schachter*, 121 Ohio St. 3d at 531; *see also Goodson*, 2 Ohio St. 3d at 196 (holding that there is a "general requisite of an identity of persons and parties, *or their privies*, within the prior proceeding in order for the judgment or decree to operate as an estoppel...")(emphasis added).  Ohio courts "have applied a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine [of res judicata]." *Schachter*, at 531 (internal citations omitted).  In *Brown v. Dayton*, 89 Ohio St. 3d

245, 248 (2000), the Ohio Supreme Court found that "[a] contractual or beneficiary relationship is not required" to constitute privity in the context of res judicata, and that "privity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata."

In this case a contractual or beneficiary relationship is present as neither party contests that Capitol was the surety for Beebles.  Capitol entered into a bond agreement with Beebles, and this bond constitutes a contract. *Cusack v. McGrain*, 136 Ohio St. 27, 29 (1939). There is, therefore, privity between Beebles and Capitol for the purposes of res judicata.  *Brown. v. Dayton* at 248;  *see also Hempstead v. Cleveland Bd. Of Edn.*, No. 90955,  2008 WL 4599644, *2 (Ohio App. 8 Dist., Oct. 16, 2008) ("As parties to a collective bargaining agreement that governed the employee's employment, the board and the union have a contractual relationship, which establishes privity.").  Capitol argues that pursuant to *Standard Accident Ins. Co. v. Hattie*, 197 N.W. 817 (Ohio App. 1935), it is not bound by res judicata despite the fact that it is in privity with Beebles because it did not have notice of the suit until July 12, 2007.  *Standard Accident* held that "where the sureties have notice of the suit, and may, or do make defense, the judgment against the principal is conclusive against them." *Id.*  In *In re Blue's Estate*, 32 N.E.2d 499, 507 (Ohio App.1939), however, the court held that "if a person ... has notice of the pendency of the action and refuses or neglects to appear and avail himself of his rights, he will be concluded by the judgment..."  Although it may have been more convenient for Capitol to have had notice at the commencement of the suit, it had notice on July 12, 2007, prior to the entry of the final judgment on September 17, 2007.  Capitol could then have filed a motion to intervene pursuant to Ohio Rule of Civil Procedure 24, but it did not.  Capitol made no effort to

involve itself in the suit, despite notice, until Mrs. Swayne brought this action. Therefore, privity does apply in this case, and Capitol is bound by res judicata. Accordingly, this Court and Capitol are bound by the judgment and damages found under the Ohio Mortgage Brokers Act from the state court action.

Capitol admits that there was a legal determination that Beebles, whom it insured with a bond, violated the Ohio Mortgage Broker's Act; however, Capitol asks this Court to find that the underlying judgment is not in accordance with the Act and the Capitol is not bound by the state court judgment. Having already found that Capitol is bound by the state court judgment, the issue of whether the underlying judgment is not in accordance with the Ohio Mortgage Broker's Act is not before this Court. That issue was litigated at the state district court level and upon appeal to the Ohio Court of Appeals, which upheld the state court decision on April 17, 2008.

Accordingly, this Court finds under the Declaratory Judgment Act, R.C. § 2721.03, that Mrs. Swayne has a legal right to the entire proceeds of the $60,000 mortgage broker bond ensured by Capitol, and Capitol is obligated to pay the entire proceeds of the $60,000 mortgage broker bond to Mrs. Swayne. Capitol is **ORDERED** to pay $45,000 to Mrs. Swayne.[1]

## B. Prejudgment Interest

Mrs. Swayne requests that this Court award prejudgment interest for the interest that has accrued from the time that Capitol should have paid the bond. Ohio law provides for the award of prejudgment interest under O.R.C. § 1343.03(A), which states:

> ...when money becomes due and payable upon any bond, bill, note, or other

---

[1] The full amount of the $60,000 bond less the $15,000 already paid.

> instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum...

In *Royal Electric Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 116-17 (1995), the Ohio Supreme Court held that:

> An award of prejudgment interest encourages prompt settlement and discourages defendants from opposing and prolonging, between injury and judgment, legitimate claims. Further, prejudgment interest does not punish the party responsible for the underlying damages as suggested by appellees, but, rather, it acts as compensation and serves ultimately to make the aggrieved party whole.

Having found that Mrs. Swayne in entitled to the full $60,000 bond amount from Capitol, prejudgment interest is appropriate in order to insure that Mrs. Swayne, the aggrieved party, has been fully compensated. *Fields Excavating, Inc. v. W. Water Co.*, No. CA2004-04-047, 2004 WL 3015772, *2 (Ohio App. 12 Dist., Dec. 30, 2004); *see also Western World Ins. Co. v. Erie Ins. Co.*, No. 10550, 1998 WL 45126, *3 (Ohio App. 2 Dist., May 06, 1988) (upholding a grant of prejudgment interest and finding that contractual privity is not required between the judgment creditor and judgment debtor in order for a court to award prejudgment interest). Accordingly, Capitol is **ORDERED** to pay prejudgment interest at the rate of 10% per annum from September 17, 2007, the date that the judgment against Beebles was final. Capitol must pay interest on the $60,000 bond amount from September 17, 2007 to February 14, 2009 (the date on which it issued $15,000 to Mrs. Swayne), and interest on the remaining $45,000 bond amount from February 15, 2009 until the judgment is satisfied.

### C. Costs and Attorney's Fees

-8-

Mrs. Swayne requests this Court to order Capitol to pay costs under the Ohio Declaratory Judgment Act, O.R.C. § 2721.11, which holds that "[i]n any action or proceeding in which declaratory relief is sought under this chapter, the court may make an award of court costs as is equitable and just."  Mrs. Swayne further claims that attorneys fees should be included in the costs awarded. Ohio law comports with the general "American rule" that "[g]enerally, a prevailing party may not recover attorney fees as costs of litigation in the absence of statutory authority unless the breaching party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons." *City of Gahanna v. Eastgate Properties, Inc.*, 36 Ohio St. 3d 65 (1988). In this case, Capitol was aware of the judgment against Beebles under the Mortgage Brokers Act on July 12, 2007.  Arguably, Capitol did not act in bad faith by failing to pay out the bond while the case was on appeal.  The decision of the appeals court affirming the judgment, however, came down on April 17, 2008, and Capitol did not issue any money to Mrs. Swayne until February of 2009.  Between April 2008 and February 2009 there was a final decision by the Ohio court of appeals, yet Capitol felt no obligation to issue the bond for seven months.  Capitol was well aware when it entered into a surety relationship with Beebles that if Beebles engaged in poor lending practices, it would be held liable for those actions due to the bond that it issued Beebles. Capitol's reluctance to pay the money rightfully due Mrs. Swayne can be nothing obdurate conduct. Accordingly, Capitol is **ORDERED** to pay the attorneys' fees and the costs of litigation under O.R.C. § 2721.11. Mrs. Swayne is **ORDERED** to submit briefing detailing attorneys' fees and court costs.

### V. CONCLUSION

For the reasons stated above, Mrs. Swayne's Motions for Summary Judgment is

**GRANTED**.  Mrs. Swayne has a legal right to the entire proceeds of the $60,000.00 mortgage broker bond ensured by Capitol Indemnity Corporation, and Capitol Indemnity Corporation is **ORDERED** to pay the entire proceeds to Mrs. Swayne, which is equivalent to $60,000.00 less the $15,000.00 already paid.  Capitol Indemnity Corporation is further **ORDERED** to pay prejudgment interest on the  $60,000 bond amount from September 17, 2007 to February 14, 2009 (the date on which it issued $15,000 to Mrs. Swayne), and interest on the remaining $45,000 bond amount from February 15, 2009 until the judgment is satisfied.  Finally, Capitol is **ORDERED** to pay the attorneys' fees and court costs for this action, and Mrs. Swayne is **ORDERED** to submit briefing detailing those fees and costs.

   **IT IS SO ORDERED.**


           **s/Algenon L. Marbley**
           **ALGENON L. MARBLEY**
           **United States District Court Judge**

**DATED: July 1, 2010**